IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARK SHURBET<br>*Plaintiff* | §<br>§<br>§<br>§ |
| VS. | § CIVIL ACTION NO. 5:23-cv-01378<br>§<br>§ Jury Demanded |
| ENERGY TRANSFER PARTNERS, L.L.C.<br>*Defendant* | §<br>§<br>§ |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **MARK SHURBET**, hereafter referred to as "Mr. Shurbet" or "Plaintiff," and files this, his Original Complaint and Jury Demand against Defendant Energy Transfer Partners, L.L.C. ("Energy Transfer", or "Defendant"). Mr. Shurbet alleges violations of Americans with Disabilities Act of 1990 (ADA) as Amended, the Rehabilitation Act, and the Family and Medical Leave Act.   For causes of action, Mr. Shurbet would show this Court as follows:

**I.
PARTIES**

1. Plaintiff **MARK SHURBET** is a resident of Pleasanton, Atascosa County, Texas.

2. Defendant, **ENERGY TRANSFER PARTNERS, L.L.C.** is a Delaware Corporation.  It may be served with process by serving its registered agent for service of process, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company 211 E. 7th Street, Suite 620 Austin, Texas 78701. A waiver of service has been requested.

1

## II.
## JURISDICTION AND VENUE

3. The Court has jurisdiction to hear the merits of Shurbet's claims under 28 U.S.C. §1331 as they arise under federal statutes, specifically the Americans with Disabilities Act, the Rehabilitation Act, and the Family and Medical Leave Act.

4. All the acts alleged herein occurred in Atascosa County, Texas within the Western District of Texas, San Antonio Division.

5. Venue in this district and division is proper under 28 U.S.C. § 1391(b)(2).

6. At the time of filing, damages are within the jurisdictional limits of the court.

## III.
## MISNOMER / MISIDENTIFICATION

7. If any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter "egos of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## IV.
## FACTS

8. Defendant Energy Transfer Partners, L.L.C. is an energy company in the oil and natural gas industry.

9. Plaintiff Mark Shurbet worked for Energy Transfer from May of 2000 until he was terminated on May 19, 2023. Shurbet was employed by Energy Transfer as a Pipeline Gas Controller.

10. Shurbet's wife has Fibromyalgia, an auto immune disorder and disautonomia.

11. In September of 2022, Shurbet's wife's condition worsened. As a result, Shurbet needed to spend more time helping take care of his wife.

12. There were instances where Shurbet was late to work due to needing to help his wife. Shurbet would inform his supervisor that the reason he was late was that his wife had fibromyalgia and needed assistance. He also informed his supervisor that there would be instances where he may be late in the future because of his wife's condition.

13. After one instance where Shurbet was late in Feb/March of 20203 he told his supervisor that he was late due to needing to help his wife due to her fibromyalgia and his supervisor responded that "compassion has its limits."

14. After Shurbet informed his employer about needing to take time off or arrive late to assist his wife, Shurbet also began to get criticism for taking action to ensure the safe operation of the pipeline equipment without first getting supervisor approval. Other Pipeline Gas Controllers were not criticized for this.

15. Shurbet's supervisor also started writing up Shurbet when he was late due to needing to assist his wife and wrote him up for allegedly being on social media.

16. In April of 2023, Shurbet was placed on unpaid leave while Energy Transfer investigated an allegation that he was on social media during working hours. Shurbet had not been on social media.

17. On or about May 19, 2023, Shurbet was terminated for allegedly being on social media during work hours when he had not been and for being late/absent.

18. Despite the fact that he was a qualified employee under the FMLA, who had worked for Defendant for 23 years, well over the minimum under the FMLA, he was terminated after requesting that he be given time to assist his wife.

19. The FMLA does not require any "magic words" or a specific request for benefits under the Act. Defendant knew that Plaintiff's absences were due to assisting his wife and knew that she had a qualifying condition. Instead of providing Plaintiff with the benefits he was entitled to, Defendant papered Plaintiff's disciplinary file and terminated him.

## V.
## DISABILITY DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT, AS AMENDED

20. The evidence will show that:

    (a) Plaintiff had a known association with his wife who has the disabilities of fibromyalgia, an auto immune disorder and disautonomia, which affect the major life activities of caring for oneself, cell growth, immune system function, and nervous system function.

    (b) Plaintiff was qualified for his position of Pipeline Gas Controller;

    (c) Plaintiff suffered an adverse employment action in that he was terminated; and

    (d) The circumstances arising out of Plaintiff's termination raise an inference of disability discrimination. Defendant's criticism of Plaintiff's work began after he informed Defendant that he would need time off to take care of his wife. He was terminated due to absences/tardies caused by his need to care for his wife. Defendant terminated Plaintiff due to his association with his wife.

21. The evidence will also show that Defendant's reason(s) for taking adverse employment actions against Plaintiff's employment are pretextual.

## VI.
## DISCRIMINATION UNDER THE REHABILITATION ACT

22. To the extent Defendant receives any federal funds, Plaintiff asserts a claim under the Rehabilitation Act for discrimination.

23. Plaintiff hereby incorporates the preceding paragraphs for all purposes.

(a) Plaintiff had a known association with his wife who has the disabilities of fibromyalgia, an auto immune disorder and disautonomia, which affect the major life activities of caring for oneself, cell growth, immune system function, and nervous system function.

(b) Plaintiff was qualified for the position of Pipeline Gas Controller;

(c) Plaintiff suffered an adverse employment action in that he was terminated from his employment with Defendant; and

(d) The circumstances arising out of Plaintiff's termination raise an inference of disability discrimination. Defendant's criticism of Plaintiff's work began after he informed Defendant that he would need time off to take care of his wife. He was terminated due to absences/tardies caused by his need to care for his wife. Defendant terminated Plaintiff due to his association with his wife.

24. Defendant violated the REHABILITATION ACT 29 U.S.C. §794(a), as amended, by discriminating against Plaintiff because of his association with a disabled individual under any program or activity receiving Federal financial assistance. In doing so, Defendant intentionally and with deliberate indifference to Plaintiff's federally protected rights.

25. Defendant's discriminatory acts violate 42 U.S.C. §1211 *et. seq.*, as amended, which are incorporated into the REHABILITATION ACT under 29 U.S.C. §794(d).

### VII.
### VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT - COVERAGE

26. Plaintiff has satisfied all jurisdictional prerequisites in connection with his claim under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et. seq*.

27. Defendant is an "employer" as defined by the FMLA in 29 U.S.C. § 2611(4).

28. It is believed Defendant employed, and continues to employ, fifty or more persons at, or within a seventy-five (75) mile radius of, the location where Plaintiff worked. Thus, it is believed Defendant was covered by the FMLA.

29. During the time that Plaintiff was employed by Defendant, he was an "eligible employee" as defined by the FMLA in 29 U.S.C. § 2611(2).

30. While Plaintiff was employed by Defendant, Plaintiff's wife suffered from a disability that required medical treatment and leave and/or intermittent leave and suffered from an illness or medical condition that can be defined as a "serious health condition" under the FMLA as outlined in 29 U.S.C. § 2611(11). Plaintiff informed Defendant that he needed to be late or absent on occasion to assist his wife due to her qualifying medical conditions. Plaintiff was entitled to leave related to helping to care for his wife's health condition.

## VIII.
## VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT - RETALIATION

31. The evidence will support each element of Plaintiff's claim for retaliation in violation of the Family and Medical Leave Act:

   (a) They were protected under the FMLA; (Plaintiff had worked for Defendant for the required number of days and his wife had a qualifying serious health conditions Fibromyalgia, an auto immune disorder and disautonomia)

   (b) They suffered an adverse employment action; (Plaintiff was terminated)

   (c) They were treated less favorably than an employee who had not requested leave under the FMLA or the adverse decision was made because they sought protection under the FMLA. (Plaintiff was terminated while requesting leave to assist his wife with her qualifying condition, he was terminated for absences that would have been covered under the FMLA and other employees who had not requested benefits under the FMLA were treated more favorably).

32. Defendant retaliated against Plaintiff for requesting time off by terminating him.

## IX.
## **VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT – INTERFERENCE**

33. In order to prove a claim for retaliation under the FMLA a Plaintiff must show:

   (a) They were an eligible employee; (Plaintiff had worked for Defendant for the required amount of time)

   (b) They employer was subject to the FMLA's requirements; (Defendant had more than the minimum number of employees and amount of business for coverage under the Act)

   (c) They were entitled to leave; (Plaintiff had leave time remaining and his wife had a qualifying serious health condition, Fibromyalgia, an auto immune disorder and disautonomia)

   (d) They gave proper notice of their intention to take FMLA leave; (Plaintiff informed his employer that he needed to be late or absent on certain days to assist in caring for his wife)

   (e) Their employer interfered with, restrained, or denied them the benefits to which they were entitled under the FMLA (Plaintiff was not given the time off requested and was then terminated), and;

   (f) They were prejudiced thereby.   (Plaintiff has damages).

## X.
## **RESPONDEAT SUPERIOR**

34. Employees involved in the discrimination described herein were at all times employees, agents, or representatives of the Defendant and were at all times acting in the course and scope of that employment.  Accordingly, Defendant is liable for such conduct under the doctrine of Respondeat Superior.

## XI.
## **DAMAGES**

35. Plaintiff alleges that as a direct and proximate result of the conduct and/or omissions on the part of the Defendant, she is entitled to recover at least the following legal damages:

(1) Lost wages, past and future;

(2) Compensatory Damages under the ADA, including harm to professional reputation inconvenience, and mental anguish suffered in the past, and which, in all reasonable probability, which will be suffered in the future;

(3) Reasonable attorney fees, expert fees and costs.

## XII.
## ADMINISTRATIVE FILINGS

36. Plaintiff filed his original verified complaint with the Equal Employment Opportunity Commission and the Texas Workforce Commission Civil Rights Division dually alleging that the Defendant had committed and unlawful employment action against Plaintiff.

37. Thereafter, Plaintiff received a Right to Sue letter the EEOC on his charge, giving Plaintiff notice of his right to sue Defendant within 90 days of its receipt, attached hereto as **Exhibit "A."** Plaintiff timely filed his Plaintiff's Original Complaint.

## XIII.
## ATTORNEY FEES

38. Defendant's conduct as described in this petition and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining counsel. Therefore, Plaintiff seeks all reasonable and necessary attorney fees in this case which would include at least the following:

(1) Preparation and trial of the claim, in an amount the jury deems reasonable;

(2) Post-trial, pre-appeal legal services, in an amount the jury deems reasonable;

(3) An appeal to the Court of Appeals, in an amount the jury deems reasonable;

(4) Making or responding to an Application for Writ of Error to the Supreme Court, and attorneys' fees if application for Writ of Error is granted, in an amount the jury deems reasonable; and

(5) Post-judgment discovery and collection in the event execution on the judgment is necessary, in an amount the jury deems reasonable.

## XIV.
## JURY DEMAND

39.  Plaintiff further demands a trial by jury.   A jury fee has been tendered.

## PRAYER FOR RELIEF

WHEREFORE, **MARK SHURBET** requests Defendant be cited to appear and answer, and that on final trial, Shurbet have judgment against Defendant as follows:

(1) judgment against Defendant for Shurbet's actual damages, including lost wages and benefits (both front and back pay and/or equitable relief to include reinstatement, if feasible);

(2) judgment against Defendant for compensatory damages in the maximum amount allowed by law under the ADA;

(3) pre-judgment and post-judgment interest at the maximum allowed by law;

(4) costs of suit, including attorneys' fees; and

(5) such other and further relief, both at law and in equity, to which Shurbet may be justly entitled.

**Respectfully Submitted,**

**PONCIO LAW OFFICES**
**A Professional Corporation**
**5410 Fredericksburg Road, Suite 109**
**San Antonio, Texas 78229-3550**
**Telephone: (210) 212-7979**

        **Facsimile: (210) 212-5880**

**BY:** *<u>/s/ Alan Braun</u>*
     **ADAM PONCIO**
     **STATE BAR NO. 16109800**
     **salaw@msn.com**
     **ALAN BRAUN**
     **STATE BAR NO. 24054488**
     **abraun@ponciolaw.com**
     **ATTORNEYS FOR PLAINTIFF**